WILBUR H. BAKER *vs.* BERNICE W. BROWN, EXRX.

Penobscot.    Opinion May 22, 1926.

*The words "in their discretion" in a clause in a will giving instruction to executors relative to a payment of a legacy, construed that the time of payment only of the legacy was "in their discretion" and not the payment of the legacy itself.*

In the instant case the provision in question must be construed as giving the plaintiff an absolute legacy in consideration of services he had already performed in the employ of the testator, and the words "in their discretion" can only be made to harmonize with the rest of the language of the will if construed to mean in their discretion as to time of payment.

That the legacy to the plaintiff was in the nature of a demonstrative legacy, and the fact that the fund out of which the testator may have intended it to be paid did not materialize, at least in the manner anticipated by the testator, will not deprive the plaintiff of the legacy.

On report.    An action of debt to recover one thousand dollars as a legacy under the second clause of the will of Wilbur A. Estabrook, deceased husband of the defendant.    The question involved was the interpretation of certain language used in the will in giving instructions to the executors, viz.: "in their discretion to pay the plaintiff the sum of one thousand dollars" on the final disposal of the testator's business.    By agreement the cause was reported to the Law Court. Judgment for the plaintiff for $1,000 with interest from the date of the writ.

The case sufficiently appears in the opinion.

*Terence B. Towle,* for plaintiff.

*Fellows & Fellows,* for defendant.

SITTING: WILSON, C. J., PHILBROOK, DUNN, MORRILL, STURGIS, BASSETT, JJ.

WILSON, C. J.    An action of debt to recover a legacy alleged to have been bequeathed to plaintiff by the husband of the defendant in his last will and testament.    The case comes to this court on a report of evidence taken out before the trial court, or as the report reads, "upon so much of the evidence as is legally admissible."

The only points urged by counsel relate to the interpretation of the will, the defendant·raising no question, if the legacy is an absolute one, as to the maintenance of the present action.

Wilbur A. Estabrook, husband of the defendant, who since his death has remarried, in February, 1920, made his will which contained the following provisions:

"2.   To Wilbur H. Baker I give my watch; and on the final disposal of my business as hereinafter provided I instruct my executors, in their discretion, to pay said Wilbur H. Baker, the sum of one thousand dollars, in token of his faithful services."

"4.   It is my desire that the business heretofore carried on by me should be sold, but I do not wish my estate to be diminished through a forced or hasty sale.   I therefore instruct my executors to carry on my business as a going concern, until such time and opportunity presents itself for disposal to advantage.   During the continuance of the business, and before the sale of the same by my executors, I request that Wilbur H. Baker be continued in employment, and that he receive a salary of fifty dollars per week; my wife to have all the net profits of the store during its continuance as a business and before sale."

All the rest of his estate was given to his wife, who was named as co-executrix with his counsel.

The plaintiff, Wilbur H. Baker, who was a cousin of the testator, had at the time of making the will been in the employ of the testator about thirteen years, and was a trusted employee, and during the testator's last illness had general charge of the business which is described in the evidence as a tobacco business.

Following the death of Mr. Estabrook in November, 1921, the executors proceeded to carry out his instructions as to the carrying on of the business.   The plaintiff, however, refused to work for the sum mentioned in the fourth paragraph of the will, and demanded and received seventy-five dollars per week until September, 1923, when he left for reasons not disclosed by the evidence.   In the meantime the co-executor had resigned and the defendant became the sole executrix.

The business was never sold, but in March, 1925, a fire occurred, and the stock destroyed, or was disposed of, and the insurance collected by the defendant.   Following the closing up of the business this action was brought.

The plaintiff contends that the bequest contained in the second paragraph was an absolute bequest payable at the discretion of the executors after the business was sold; while the defendant contends that it was a conditional bequest payable only in the discretion of the executors, if the plaintiff continued as a faithful employee and at the salary named, and dependent upon the price received when sold, and that the defendant was acting within the authority vested in her under the will in refusing to pay, inasmuch as the plaintiff did not continue to work till the sale was made, at the salary named, but took advantage of her necessities and forced her to meet his demands for more pay, and there has been no sale.

Whether he was still faithful during the time of employment following the testator's death, or what the result of the loss by fire was, does not appear from the evidence. It is admitted, however, that there is sufficient funds in the estate to pay the legacy to the plaintiff.

The language of paragraph 2, was not well chosen to make clear the testator's intent beyond doubt. It is the testator's intent which must govern, and which must be gathered from the instrument itself. Very little of the plaintiff's testimony was legally admissible, but his incompetency as a witness appears to have been waived, since the objections to such portions of it as were objected to, were urged on other grounds. Nor does it throw much light on the issues involved, except the length of time he had been in the testator's employ and the nature of his services.

We cannot conceive of the testator using the language he did, if he intended that whether the sum named should be paid the plaintiff, was left discretionary with the executors, and dependent in any degree upon the manner in which he performed his services after the death of the testator, or upon the price received for the business.

We think the second paragraph must be construed as giving to the plaintiff an absolute legacy of one thousand dollars in consideration of the faithful services he had already performed.

The legacy was no doubt intended to be paid from the proceeds of the business when sold, or a form of demonstrative legacy. The testator instructed, —an absolute term,—the executors upon the sale of the business to pay the legacy. The words "in their discretion" can only be made to harmonize with the rest of the language, if construed to mean, in their discretion as to time of payment. They, or the present executrix, cannot arbitrarily withhold it.

The fact that the fund out of which it was to be paid did not materialize, at least in the manner anticipated by the testator, would not deprive the plaintiff of the legacy. Even the failure of the fund altogether would not deprive him of the right to the sum intended to be his in token of services faithfully performed. *Stilphen Applt.,* 100 Maine, 146.

No question being raised by the defendant as to her right to exercise discretion as to time of payment or that the estate would be embarrassed in any way by the payment at the time this action was brought, we think judgment may be ordered for plaintiff with interest from the date of the writ.

*So ordered.*